**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ben Pepa,<br><br>            Plaintiff,<br><br>v.<br><br>Northern Terrace Homeowners Association,<br><br>           Defendant. | No. CV-25-04049-PHX-KML<br><br>**ORDER** |

      On November 13, 2025, the court ordered plaintiff Ben Papa, defendant Northern Terrace Homeowners Association ("NTHOA"), and non-party GoDaddy.com, LLC to file supplemental briefs addressing certain threshold issues, including whether this case should be transferred to the District of Nevada. (Doc. 13.) Pepa and NTHOA filed briefs, but GoDaddy did not. Having reviewed the supplemental briefs, transfer to the District of Nevada is appropriate.

      The court outlined the relevant facts in its November 13 order. In brief, sometime in 2022 plaintiff Ben Pepa registered the domain name <northernterrace.vegas>. GoDaddy is the registrar of that domain name and GoDaddy's principal office is in Arizona. In August 2025, NTHOA initiated an administrative proceeding seeking to gain ownership of the domain name. The complaint NTHOA filed in that administrative proceeding identified the "mutual jurisdiction" where it would "submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name." (Doc. 15-1 at 9.) NTHOA selected the "mutual jurisdiction" of "the location of the

1  principal office of the concerned registrar," *i.e.* Arizona. (Doc. 15-1 at 9.)

2  On October 13, 2025, the administrative panel issued a decision transferring the domain name to NTHOA. GoDaddy informed Pepa it would implement the decision in ten days unless it received notice that Pepa had initiated suit in the "mutual jurisdiction" NTHOA had selected. On October 24, 2025, Pepa informed GoDaddy he had "commenced a federal lawsuit in the United States District Court [for] the District of Nevada." (Doc. 11-2 at 4.) GoDaddy indicated that suit was not sufficient to prevent transfer because it had not been filed in the applicable "mutual jurisdiction." (Doc. 11-2 at 2.) That prompted Pepa to file this suit, which is identical to the Nevada suit. Pepa explains he filed suit in Arizona solely to ensure GoDaddy did not transfer the domain name pending entry of a final judgment resolving the disputes between Pepa and NTHOA.

Almost two weeks after filing his complaint in this court, Pepa filed a motion for temporary restraining order and preliminary injunction. (Doc. 11.) That motion sought an order prohibiting GoDaddy from transferring the domain name. (Doc. 11 at 14.) The court called for supplemental briefing from the parties and GoDaddy. The court was particularly interested in hearing from GoDaddy whether it would comply with orders issued by the U.S. District Court for the District of Nevada. (Doc. 13 at 4.) GoDaddy received a copy of the court's order but opted to ignore it. (Doc. 14.)

In the supplemental briefing, Pepa asks the court to transfer this case to Nevada while NTHOA requests the court dismiss this case as duplicative of the Nevada case. (Doc. 15 at 3; Doc. 16 at 7-8.) GoDaddy's refusal to file a supplemental brief supports transferring this case to Nevada, not dismissing it. *In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018) (first-to-file rule allows court to transfer, stay, or dismiss second action). The only reason Pepa filed the present suit was because GoDaddy claimed filing suit in Arizona was necessary to prevent transfer of the domain name. GoDaddy refused to explain that position but assuming it was necessary for Pepa to file suit in Arizona to prevent transfer, that purpose has been accomplished. There is no need for additional proceedings in Arizona and transferring this case to Nevada—where the evidence and witnesses are located—is

1   appropriate. *Cf. Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) ("A transfer
2   under § 1404(a) results in a change of courtrooms, not a change of law.").
3       The court takes no action on the pending motion for temporary restraining order and
4   preliminary injunction. The Nevada court will be in the best position to determine whether
5   there is any need for early injunctive relief.
6       **IT IS ORDERED** the Clerk of Court shall transfer this case to the United States
7   District Court for the District of Nevada and close the current case.
8       Dated this 10th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 3 -